United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYGER MANUFACTURING, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2856 |
| | § | |
| MIKE'S WORLDWIDE LLC, *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This patent case is before the Court on the Motion for Voluntary Dismissal ("Motion") [Doc. # 52] filed by Plaintiff Tyger Manufacturing LLC ("Tyger"), seeking dismissal of this lawsuit pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants Mike's Worldwide LLC, Mike's Novelties, Inc., and Manish Chander (collectively, "Mike's"), filed an Opposition [Doc. # 55], and Tyger filed a Reply [Doc. # 56].

Also pending is Defendants' Motion for Reconsideration [Doc. # 47], seeking reconsideration of certain claim construction rulings set forth in the Court's Memorandum and Order on Claim Construction [Doc. # 46]. Tyger filed an Opposition [Doc. # 51], and Mike's filed a Reply [Doc. # 54].

The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, and the Fifth Circuit's preference for freely granting voluntary

dismissal under Rule 41(a)(2), the Court **grants** the Motion on the terms set forth herein.  The Court's ruling on the Motion **moots** the Motion for Reconsideration.

# I.    BACKGROUND

Tyger is the sole owner of United States Patent No. 10,314,333 ("the '333 Patent"), entitled "Smoking Device."  Tyger is also the sole owner of United States Patent No. D761,487 ("the '487 Patent"), a design patent entitled "Smoking Device." Tyger alleges that it manufactures, markets, and sells a smoking pipe covered by the two Patents in Suit. Tyger alleges further that Defendants sold smoking pipes that infringed Claim 1 and Claim 2 of the '333 Patent, and the single claim of the '487 Patent.  It is undisputed that Defendants are no longer selling the allegedly infringing pipes, having decided to stop selling them on September 28, 2018. *See* Declaration of Louis F. Teran, Exh. 1 to Opposition [Doc. # 55], ¶ 6.

On August 11, 2020, following claim construction briefing and a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Court issued its Memorandum and Order on Claim Construction [Doc. # 46].  On August 17, 2020, Defendants filed their Motion for Reconsideration. On September 8, 2020, Plaintiff filed its Motion for Voluntary Dismissal, seeking "dismissal of the case with prejudice as to the sale of any accused product prior to the date of dismissal and

without prejudice as to any sale of accused product after the date of dismissal." *See* Motion, p. 1. Both motions have been fully briefed and are now ripe for decision.

## II.   RULE 41(a)(2) STANDARD

In cases where an answer or a motion for summary judgment has been served on the plaintiff, the Federal Rules of Civil Procedure allow a plaintiff to dismiss a lawsuit over a defendant's objection only "by court order, on terms that the court considers proper." *See* FED. R. CIV. P. 41(a)(2); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). Dismissal pursuant to Rule 41(a)(2) is within the district court's discretion and is generally allowed unless "the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *See Hyde*, 511 F.3d at 509. The Fifth Circuit has stated that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice . . .." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "That [the] plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Hyde*, 511 F.3d at 509.

## III.   <u>ANALYSIS</u>

Plaintiff seeks dismissal with prejudice of all claims actually asserted in this lawsuit, noting that the lawsuit does not cover future acts of infringement.  *See* Reply [Doc. # 56], p. 10.  Defendants have not identified any plain legal prejudice other than the prospect of a future lawsuit.  Because Plaintiff agrees to dismissal *with prejudice* of its claims based on past infringement, there can be no future lawsuit based on those claims – the only claims that are asserted in this lawsuit.  Even if the case were to proceed to trial and final judgment, the potential for a future lawsuit based on claims alleging future acts of infringement would not be foreclosed.  *See Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1343 (Fed. Cir. 2012) ("this court and others have characterized the 'claim' that gives rise to preclusion as encompassing only the particular infringing acts or products that are accused in the first action or could have been made subject to that action").  The Court finds that Plaintiff is entitled to a voluntary dismissal with prejudice of the claims asserted in this lawsuit involving sales prior to the date of dismissal.

Defendants argues that if the Court grants Plaintiff's Motion for Voluntary Dismissal, the Court should award Defendants their attorneys' fees incurred in this case.  When a plaintiff moves for a voluntary dismissal *without prejudice* under Rule 41(a)(2), courts commonly award the defendant his attorneys' fees.  *See Mort.*

*Guar. Ins. Corp v. Richard Carylon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). Where, however, the plaintiff seeks dismissal *with prejudice*, an award of fees is not appropriate. *See Western Falcon, Inc. v. Moore Rod & Pipe, LLC*, 2015 U.S. Dist. LEXIS 79297, *10 (S.D. Tex. June 18, 2015) (Rosenthal, J.); *Alexander v. State Farm Lloyds*, 2014 WL 549389, *6 (S.D. Tex. Feb. 11, 2014) (Ellison, J.) (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)); *Amazing Spaces, Inc. v. Metro Mini Storage*, 2011 U.S. Dist. LEXIS 435, **4-5 (S.D. Tex. Jan. 4, 2011) (Rosenthal, J.). Additionally, the record demonstrates that Defendants' attorneys' fees, most of which were incurred in connection with the claim construction process, were in part the result of Defendants' refusal to discuss settlement with Plaintiff until after the *Markman* hearing. *See* February 10, 2020 Email, Exh. L to Reply [Doc. # 56]. Therefore, the Court declines to award Defendants their attorneys' fees.

Rule 41(a)(2) allows the Court to dismiss a lawsuit on terms it considers proper. *See* FED. R. CIV. P. 41(a)(2). In this case, Defendants' Motion for Reconsideration is currently pending, but after the Rule 41(a)(2) dismissal with prejudice there is no longer a live case or controversy between the parties that requires construction of disputed claim terms. Plaintiff has represented that its request for a dismissal with prejudice of those claims asserted in the lawsuit -- claims based on alleged acts of infringement that predate the dismissal -- is not dependent on how the Court were to

rule on the Motion for Reconsideration. *See* Motion, p. 2. Therefore, in the interest of justice and there being no objection by Plaintiff, the Court considers it proper to condition the Rule 41(a)(2) dismissal on the claim construction rulings being vacated in their entirety.

## IV.    CONCLUSION AND ORDER

In the Fifth Circuit, motions for voluntary dismissal are freely granted unless the non-moving party will suffer some plain legal prejudice beyond the prospect of another lawsuit. The Court can allow a voluntary dismissal under Rule 41(a)(2) on such terms as the Court considers proper. In this case, the Court grants Plaintiff's Motion for Voluntary Dismissal with prejudice of the claims asserted in this lawsuit, with the condition that the Court's claim construction ruling is vacated. As a result, Defendants' Motion for Reconsideration is moot. It is, therefore, hereby

**ORDERED** that Plaintiff's Motion for Voluntary Dismissal [Doc. # 52] is **GRANTED** and all claims asserted in this lawsuit are **DISMISSED WITH PREJUDICE**. Future claims relating to any alleged future infringement are not at issue in this lawsuit and are not affected by this dismissal. It is further

**ORDERED** that the Court's August 11, 2020, Memorandum and Order on Claim Construction [Doc. # 46] is **VACATED**. It is further

**ORDERED** that Defendants' Motion for Reconsideration [Doc. # 47] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this <u>15th</u> day of **October, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE